IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER ELEVEN |
| | : | |
| ADAMS COUNTY ASPHALT CO. | : | BANKRUPTCY NO.: 1-03-bk-00722 |
| | : | |
| DEBTOR | : | |
| | : | |
| ADAMS COUNTY ASPHALT CO. | : | {**Nature of Proceeding**: Defendants' |
| | : | Motion to Dismiss (Doc. #6)} |
| PLAINTIFF | : | |
| | : | |
| vs. | : | |
| | : | |
| OLDCASTLE, INC., and | : | |
| PENNSY SUPPLY, INC., | : | |
| | : | |
| DEFENDANTS | : | **ADVERSARY NO.:  1-06-ap-00161** |

# <u>OPINION</u>[1]

In response to the above-captioned adversary, the Defendants filed a Motion to
Dismiss under Federal Rule of Civil Procedure 12(b)(6) as made applicable to adversary
proceedings by Federal Rule of Bankruptcy Procedure 7012.  The Defendants argue that
the Complaint is so inarticulate, vague, and devoid of any meaningful presentation of
substantive facts that it is virtually impossible for the Court, or anyone else for that
matter, to comprehend the allegations of the Complaint.  I agree.  Normally, such a vague
or ambiguous pleading can be cured upon request for a more definite statement under
Federal Rule of Bankruptcy Procedure 7012(e).  But a more fundamental flaw in the
underlying pleading leads to this Court's determination to dismiss the case.

Defendants assert that the allegations of the Complaint do not rise to the level of
presenting an actual controversy to this Court for resolution.  Once again, I agree.
Federal courts have jurisdiction to award declaratory relief under the Declaratory

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

Judgment Act found at 28 U.S.C. § 2201 which provides:

> In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

The allegations of the Complaint taken as a whole and construed in a light most favorable to the Plaintiff, must present a controversy for resolution by this Court. *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941). At paragraph 7, the Plaintiff alleges that it "has suffered losses as a result of the failure of the Defendants to comply with the agreement." The agreement was not attached to the Complaint. Furthermore, while the Complaint alleges that the Defendants did not comply with the agreement, there is no allegation that the alleged noncompliance was a result of a breach of the agreement by the Defendants. In short, the vague, unintelligible allegations of this Complaint do not present the Court with a controversy between the parties which could be subject to potential resolution by this Court. It is for the foregoing reasons that the Court will grant the Defendants' Motion to Dismiss the above-captioned adversary.

An Order will follow.

Date:   October 15, 2007

John J. Thomas, Bankruptcy Judge

(CMS)

*This opinion is electronically signed and filed on the same date.*